NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JOHN HARLEY CAMPBELL, JR.,**

        **Plaintiff,**

v.                                                            Case No. 8:17-cv-421-T-27KRS

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the Complaint filed by Plaintiff, John Harley Campbell, Jr., seeking review of the final decision of the Commissioner of Social Security denying his claim for social security benefits, Doc. No. 1, the answer and certified copy of the record before the Social Security Administration ("SSA"), Doc. Nos. 13, 15, and the parties' Joint Memorandum, Doc. No. 19.[1]

### PROCEDURAL HISTORY.

In 2013, Campbell filed applications for benefits under the Federal Old Age, Survivors and Disability Insurance Programs ("OASDI"), 42 U.S.C. § 401, *et seq.*, and under the Supplemental

---

[1] In the Scheduling Order, I required counsel for the parties to submit a single, Joint Memorandum with an agreed statement of the pertinent facts in the record. Doc. No. 16. Counsel for Plaintiff was ordered to identify and frame, in a neutral fashion, each of the disputed issues raised as grounds for reversal and/or remand, and counsel for the Commissioner was required to respond to each of those issues in the format set forth in the Revised Scheduling Order. *Id.* at 4.

Security Income for the Aged, Blind and Disabled Program ("SSI"), 42 U.S.C. § 1381, *et seq*. R. 258-68.  He alleged that he became disabled on September 26, 2013.  R. 260, 263.

After his applications were denied originally and on reconsideration, Campbell asked for a hearing before an Administrative Law Judge ("ALJ").  R. 188-89.  An ALJ held a hearing on January 4, 2016.  Campbell, accompanied by an attorney, and a vocational expert ("VE") testified at the hearing.  R. 44-78.

After considering the hearing testimony and the evidence in the record, the ALJ issued a decision on January 26, 2016.  R. 21-36.  The ALJ found that Campbell was insured under OASDI through March 31, 2019.  The ALJ concluded that Campbell had not engaged in substantial gainful activity since the alleged disability onset date.  R. 23.

The ALJ found that Campbell had the following severe impairments:  diabetes mellitus; degenerative disc disease; history of mild hip pain; obesity, and bipolar disorder.  *Id.*  The ALJ concluded that Campbell did not have an impairment or combination of impairments that met or equaled an impairment listed in SSA regulations.  R. 24.

The ALJ concluded that Campbell had the residual functional capacity ("RFC") to perform sedentary work, as follows:

> The claimant can occasionally lift and/or carry 10 pounds and frequently lift and or carry up to 10 pounds.  The claimant can stand and/or walk at least 2 hours in an 8-hour workday with normal breaks and sit at least 6 hours out of an 8-hour workday with normal breaks.  The claimant can no more than frequently climb such things as stairs or balance.  No more than occasionally stoop, kneel, crouch, or crawl.  He is limited to simple, repetitive tasks.  He can relate to supervisors and coworkers only superficially and should not work with the public.

R. 26.

The VE testified that Campbell's past relevant work as a chef, customer service clerk, front desk clerk and rehabilitation aide were sedentary to medium exertional jobs requiring various levels of skill (SVP 3 to 7). R. 74. After considering hypothetical questions from the ALJ based on the RFC for Campbell, the VE testified that a hypothetical person with Campbell's RFC could not perform any of that past relevant work. R. 75-76.

At step five of the sequential evaluation, the ALJ determined that Campbell was 46 years old on the alleged disability onset date. He had a high school education and was able to communicate in English. Considering the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P. App. 2, as a framework and relying on the testimony of the VE, the ALJ concluded that there were was an unskilled, sedentary job that Campbell could perform, specifically Clerical Mailer, which existed in significant numbers in the national economy. R. 36. Therefore, the ALJ concluded that Campbell was not disabled. *Id.*

Campbell asked the Appeals Council to review the ALJ's decision. R. 16-17. Campbell submitted treatment records from Healthy Living – Behavioral Health Adult Services to the Appeals Council. R. 5, 1085-90. On December 21, 2016, the Appeals Council issued a decision in which it denied the request for review, thus making the ALJ's decision the final decision of the Commissioner. R. 1-3.

Campbell now seeks review of solely of the Appeals Council's decision, which failed to address whether, at the time of that decision, he should have been considered to be closely approaching advanced age and, therefore, disabled under the Medical-Vocational Guidelines.

3

NOT FOR PUBLICATION

## JURISDICTION AND STANDARD OF REVIEW.

Campbell having exhausted his administrative remedies, the Court has jurisdiction to review the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). A court's review of a final decision by the SSA is limited to determining whether the factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam), and whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

## STATEMENT OF FACTS.

After a thorough review of the record, I find that the facts are adequately stated in the Joint Memorandum and the ALJ's decision, which statement of facts I incorporate by reference. Because the issue presented is narrow, I will not restate the facts in full to protect Campbell's privacy to the extent possible.

Campbell was born on December 27, 1966. R. 49. He attended high school through the tenth grade and later received a GED. He also had vocational training in computer technology. R. 49. He stopped working in 2013 due to a combination of physical and mental problems. R. 54. As discussed above, the ALJ concluded that Campbell could perform a limited range of sedentary work.

## ANALYSIS.

This issue on appeal arises from Campbell's change in age between the time the ALJ issued her decision on January 26, 2016, when Campbell was 49 years old, and the time the Appeals Council issued its decision, on December 21, 2016, when Campbell was only 6 days shy of his 50th birthday. Once Campbell reached age 50, classified as a person approaching advanced age (ages

NOT FOR PUBLICATION

50-54), the Medical-Vocational Guidelines would have directed a finding that he was disabled. *See, e.g.,* 20 C.F.R. § 404.1563(d); *Crook v. Barnhart*, 244 F. Supp. 2d 1281, 1284-85 (N.D. Ala. 2003)(A person closely approaching advanced age who could perform only sedentary work would be disabled under the Medical-Vocational Guidelines).

The pertinent regulation states that the SSA will not apply the chronological age categories mechanically in a borderline situation. 20 C.F.R. § 404.1563(a). The SSA considers a borderline age to be when a claimant's age is within a few days or a few months of a higher age category. *Crook*, 244 F. Supp. 2d at 1283. If the higher age category would result in a decision of disabled rather than not disabled, then the adjudicator should decide whether it is more appropriate to use the higher age rather the claimant's chronological age. *Id.* Accordingly, counsel for Campbell argues that because use of the higher age category would have directed a finding of disability, the Appeals Council erred by failing to expressly consider whether it would be more appropriate to use the higher age category rather than Campbell's chronological age.

Counsel for the Commissioner argues that because the Appeals Council denied review, this Court may only consider whether the ALJ erred in failing to consider the borderline age question. 20 C.F.R. § 404.981 (stating that the decision of the ALJ is binding if the request for Appeals Council review is denied). This argument is not entirely supported by case law, however, because a denial of review by the Appeals Council can be reviewed by this Court in certain circumstances. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007).

Nevertheless, in the Eleventh Circuit, the Appeals Council does not err by failing to state the reasons it denied review. *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852-53 (11th Cir. 2015). In this case, the Appeals Council stated that it considered the new evidence

presented by Campbell and found that it provided no basis to change the ALJ's decision. R. 1-3. This is all the Appeals Council was required to do. *Parks,* 783 F.3d at 853; *see also Bowie v. Comm'r of Soc. Sec.,* 539 F.3d 395, 399-400 (6th Cir. 2008)( the Sixth Circuit found that "there is no procedural requirement apparent on the face of 20 C.F.R. § 404.1563(b) to address age categorization explicitly in borderline situations, [and] the Appeals Council also does not presume such a requirement").

The Appeals Council also did not err by failing to consider whether a higher age category should have been used by the ALJ. Borderline age situations arise when a claimant is within a few days or a few months of a higher age category. At the time of the ALJ's decision, Campbell was eleven months shy of his 50th birthday. Courts have found that 7 to 10 months short of a higher age category is not within the borderline range. *See, e.g., Crook*, 244 F. Supp. 2d at 1283-84 (citing cases). Therefore, there was no basis for the Appeal Council to address whether the ALJ should have used a higher age category, because Campbell was not within the borderline age parameters when the ALJ issued her decision.

Finally, the decision in *Rogers v. Commissioner of Social Security*, 6:12-cv-1156-Orl-GJK, 2013 WL 5330452 (M.D. Fla. Sept. 23, 2013), is distinguishable from this case. In *Rogers,* the claimant was 51 years old at the time of the ALJ's decision but the ALJ did not apply the Medical-Vocational Guidelines, which would have directed a finding that the claimant was disabled as of his 50th birthday. The Appeals Council <u>granted review</u>, and found that the claimant was disabled as of his 50th birthday. It did not address whether claimant should have been considered to fall within the "closely approaching advanced age" category before his 50th birthday, even though the claimant was only eleven days short of his 50th birthday on his date last insured. Accordingly, the

court reversed the final decision of the Appeals Council and remanded the case for an individualized determination of the age factor. *Id*. at *3-5. In contrast, in the present case, the Appeals Council did not accept review to address the borderline age issue, nor was it required to do so when considering whether the ALJ erred in her decision.

For all of these reasons, I recommend that the Court find that the Appeals Council did not err by failing to *sua sponte* raise and resolve the borderline age issue.

### RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the final decision of the Commissioner be **AFFIRMED**. I further **RECOMMEND** that the Court direct the Clerk of Court to issue a judgment consistent with its decision on this Report and Recommendation and, thereafter, to close the file.

### Notice.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

**Respectfully Recommended** this 16th day of January 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE