## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOHN HARLEY CAMPBELL, JR.,**

    **Plaintiff,**

**v.**                                **Case No: 8:17-cv-421-T-27KRS**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 20), recommending that the decision of the Commissioner denying Plaintiff's claim for social security benefits be affirmed. Plaintiff objected (Dkt. 21), to which the Commissioner responded (Dkt. 23).

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

After a *de novo* review of the findings to which objections are made, and a review of the findings to which objection is not made for plain error, I agree with the Magistrate Judge that the Appeals Council did not err by denying Plaintiff's request for review. Accordingly, the objections are overruled, the Report and Recommendation is adopted, and the Commissioner's decision is affirmed.

## PLAINTIFF'S OBJECTIONS

Plaintiff, rather than objecting to specific findings or conclusions in the Report and Recommendation, argues that "[d]ue process, in its fundamental fairness aspect, requires a remand for payment, under these circumstances." (Dkt. 21 at 3). Plaintiff was 46 years old on the alleged disability onset date. At the time the ALJ issued a decision on January 26, 2016, Plaintiff was 49 years old. At the time the Appeals Council issued its decision denying review, on December 21, 2016, Plaintiff was 6 days shy of his 50th birthday. Plaintiff contends that if the Appeals Council considered his age at the time of its decision, he would have been found disabled under the Medical Vocational Guidelines. And, he argues that requiring him to reapply for benefits, rather than remanding for payment beginning on his 50th birthday "would be a waste of time and money." (Dkt. 21 at 4).

## STANDARD

The decision of the ALJ is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997), and if the "ALJ's conclusion as a whole was supported by substantial evidence in the record." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)(citation and internal quotation omitted). The reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.'" *Mitchell v. Comm'r, Soc. Sec..*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Winschel*, 631 F.3d at 1178). Legal conclusions, however, are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). When the Appeals Council

denies review of the ALJ's decision, "the decision of the ALJ becomes the final decision of the Secretary." *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998).

## DISCUSSION

Plaintiff does not object to the Magistrate Judge's findings regarding the Appeals Council's denial of review. Instead, he raises a new due process argument contending that there may be a 2 year delay in approval of benefits if he reapplies. And, he contends that "[d]ue process, in its fundamental fairness aspect, requires a remand for payment, under these circumstances."[1] (Dkt. 21 at 3).

"[D]ue process requires only an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Cherry v. Heckler*, 760 F.2d 1186, 1190 (11th Cir. 1985) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). A claimant who seeks to reopen a decision is afforded due process where he "was represented by counsel at an administrative hearing and had the opportunity to present all information relevant to the reopening decision, as well as the right to appeal." *Cherry*, 760 F.2d at 1190–91; *see Costigan v. Comm'r, Soc. Sec. Admin.*, 603 F. App'x 783, 788 (11th Cir. 2015) (claimant, who was represented by counsel and took advantage of appeals process, did not have due process rights violated even though "she was found to be not disabled as of August 3, 2009 in an order by the ALJ dated July 26, 2011, but a later decision by the Commissioner found that she was disabled as of July 27, 2011").

Plaintiff has not shown that he was deprived of an opportunity to be heard at a meaningful time and in a meaningful manner. *See Mathews*, 424 U.S. at 333; *Cherry*, 760 F.2d at 1190-91; *Costigan*, 603 F. App'x at 788. And, to the extent he is raising a due process claim for a future event,

---

[1] Indeed, Plaintiff concedes that the final decision of the ALJ, that he was not disabled at the alleged disability onset date, September 26, 2013, is correct, as he asks for a remand for payment beginning on his 50th birthday, December 27, 2016.

3

he fails to provide authority to support his contention that his due process rights can be violated for a claim he has not made.

<span style="font-variant:small-caps">Conclusion</span>

Plaintiff's Objections are **OVERRULED.** The Report and Recommendation (Dkt. 20) is **APPROVED** and **ADOPTED** for all purposes, including appellate review. The decision of the Commissioner is **AFFIRMED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant pursuant to 42 U.S.C. § 405(g), and to **CLOSE** the file.

**DONE AND ORDERED** this *20*th day of February, 2018.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record